UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 19-1120-JLS (KK)** | Date: | June 20, 2019 |
| Title: | *Amos Terrill Ryles v. State of California* | | |

Present: The Honorable **KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE**

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Petitioner: | Attorney(s) Present for Respondent: |
|---|---|
| None Present | None Present |

**Proceedings:** (In Chambers) Order To Show Cause Why Petition Should Not Be Summarily Dismissed As Second And Successive

I.
**INTRODUCTION**

On June 10, 2019, petitioner Amos Terrill Ryles ("Petitioner") constructively filed[1] a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254. The Petition appears subject to dismissal because it is second and successive. The Court will not make a final determination regarding whether the Petition should be dismissed, however, without giving Petitioner an opportunity to address this issue.

Accordingly, the Court hereby issues this Order to Show Cause why the Petition should not be dismissed, and specifically orders Petitioner to respond to the Order to Show Cause in writing **no later than July 22, 2019**. The Court further directs Petitioner to review the information that follows, which details why the Petition appears to be subject to dismissal and may assist Petitioner in determining how to respond.
///
///
///
///

---

[1] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted).

# II.
# PROCEDURAL HISTORY

On October 12, 2012, following a jury trial in the California Superior Court for the County of Riverside, Petitioner was convicted of making criminal threats in violation of Section 422 of the California Penal Code. ECF Docket No. ("Dkt.") 1, Pet. at 2.[2] Petitioner's sentence was enhanced because the jury further found Petitioner had previously been convicted of a serious or violent felony and previously served two prior prison terms. People v. Ryles, 2014 WL 417808, at *1 (Cal. Ct. App. Jan. 31, 2014); see also Pet. at 2. Petitioner was sentenced to a term of eleven years in state prison on November 8, 2012. Id.

Petitioner appealed his conviction to the California Courts of Appeal, which affirmed the judgment in a reasoned decision on January 31, 2014. Ryles, 2014 WL 417808, at *1.

Petitioner then filed a petition for review in the California Supreme Court, which was summarily denied on April 9, 2014. Pet. at 6; California Courts, Appellate Courts Case Information, Supreme Court Disposition, (June 19, 2019 11:52 AM), https://appellatecases.courtinfo.ca.gov/search/case/disposition.cfm?dist=0&doc_id=2068457&doc_no=S216366&request_token=NiIwLSIkTkw5WyApSCNdWE1IUEg0UDxTIiM%2BSzxSUCAgCg%3D%3D.

On July 7, 2014, Petitioner filed a habeas petition in this Court (the "2014 Petition") challenging his 2012 conviction on the single ground that his rights to due process and a fair trial were violated by the introduction of prejudicial evidence. Ryles v. Soto, Case No. EDCV 14-1381-JLS (CW), ECF Docket No. (the "14-1381 Dkt.") 1, Pet.[3][4] On October 19, 2015, the Court denied the 2014 Petition on the merits and dismissed the action with prejudice. 14-1381 Dkt. 36, Judgment.

On November 6, 2015, Petitioner filed a notice of appeal of the denial of the 2014 Petition in the Ninth Circuit. 14-1381 Dkt. 38, Appeal. On June 13, 2016, the Ninth Circuit denied Petitioner's request for a certificate of appealability because Petitioner "ha[d] not made a substantial showing of the denial of a constitutional right." 14-1381 Dkt. 40.

---

[2] The Court refers to the pages of the Petition as if they were consecutively numbered.

[3] The Court takes judicial notice of its own records and files as well as Petitioner's prior proceedings in the state courts. Fed. R. Evid. 201(b)(2); In re Korean Air Lines Co., 642 F.3d 685, 689 n.1 (9th Cir. 2011); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

[4] In an Order to Show Cause dated July 10, 2014, the Court noted that according to the 2014 Petition, "Petitioner has a pending state habeas petition alleging three other grounds for relief, and thus [ ] Petitioner has not fully exhausted his state remedies." 14-1381 Dkt. 4, Order. Based on his Petition, the Court noted Petitioner had apparently filed a habeas petition in the California Superior Court for the County of Riverside. Id. Petitioner then filed a document entitled "Motion to Vacate State Court Petition", 14-1381 Dkt. 8, clarifying that he was only alleging the single due process claim that was properly exhausted on direct appeal, and that "no new claims [we]re being raised". 14-1381 Dkt. 9.

On June 10, 2019, Petitioner constructively filed the instant Petition challenging his 2012 conviction on the grounds that Petitioner's constitutional rights to "due process and a fair trial were violated by the unnecessary introduction of an inordinate, unwarranted amount of inflammatory, prejudicial evidence." Dkt 1, Pet. at 3.

## III.
## DISCUSSION

Habeas petitioners generally may file only one habeas petition challenging their conviction or sentence. See 28 U.S.C. § 2244(b)(1). Hence, if a prior petition raised a claim that was adjudicated on the merits, a petitioner must "move in the appropriate court of appeals for an order authorizing the district court to consider the [second or successive petition]." Id. § 2244(b)(3)(A); McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009); Goodrum v. Busby, 824 F.3d 1188, 1194 (9th Cir. 2016) ("As a general principle, . . . a petition will not be deemed second or successive unless, at a minimum, an earlier-filed petition has been finally adjudicated."). Absent proper authorization from the court of appeals, district courts lack jurisdiction to consider second or successive petitions and must dismiss such petitions without prejudice to refiling if the petitioner obtains the necessary authorization. Burton v. Stewart, 549 U.S. 147, 152-53, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007); Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) ("When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application." (citation omitted)); 28 U.S.C. § 2244(b)(2).

Here, the instant Petition challenges Petitioner's 2012 conviction and sentence on the grounds that his due process and fair trial rights were violated by the introduction of prejudicial evidence. Dkt. 1. These are the same grounds that Petitioner presented in his 2014 Petition that this Court denied on the merits. 14-1381 Dkt. 1; 14-1381 Dkt. 36. Consequently, the instant Petition is second or successive to the 2014 Petition. As Petitioner has not presented any documentation indicating the Ninth Circuit has issued "an order authorizing the district court to consider the application," the Court lacks jurisdiction over the claims, and the instant Petition is subject to dismissal. 28 U.S.C. § 2244(b)(3)(A).

## IV.
## ORDER

Thus, the Court ORDERS Petitioner to respond **no later than July 22, 2019** by electing one of the following options:

1. File a written response explaining the Petition is not a second and successive petition or showing that the Ninth Circuit has authorized review of this Petition. If Petitioner contends the Petition is not a second and successive petition, Petitioner should clearly explain this and attach any supporting documents showing that his claim is not second and successive to his prior claim; or

2. Voluntarily dismiss this action without prejudice. Petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a). **The Clerk of Court has attached A Notice of Dismissal form.** However, the Court warns any dismissed claims may be later subject to the statute of limitations, because "[a] 1-year period of limitation shall apply to an application for a writ of

habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1).

If Petitioner fails to demonstrate the Petition is not a second or successive petition, **or fails to respond by July 22, 2019**, the Court will dismiss the Petition without prejudice as a second and successive petition and/or for failure to prosecute and obey court orders. <u>See</u> Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**